UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FCCI INSURANCE COMPANY,**

  Plaintiff,

v.    No. 4:22-cv-0242-P

**REYTECH SERVICES, LLC, ET AL.,**

  Defendants.

## ORDER & OPINION

Before the Court is Defendant Patcon Services LLC's ("Patcon") Motion for Summary Judgment (ECF No. 46). Having considered the Motion and related docket entries, the Court **GRANTS** the Motion.

## BACKGROUND

Plaintiff FCCI Insurance Company ("FCCI") provides construction surety bonds. It provided Defendants Reytech Services LLC ("Reytech") and Doug Patterson based on an indemnity agreement ("the Agreement") they signed. The Agreement provides that the Indemnitors—"Principals" and "Affiliates"—will reimburse all losses incurred by FCCI as a result of executing the bonds. The Agreement defines "Principal" and "Affiliate" as follows:

> Principal: Reytech Services, LLC and the person(s) or entity(ies) who sign this Agreement or any *Affiliates*, parents, divisions, subsidiaries, successors, assigns, partners, co-venturers, joint venture partners, consortiums, limited liability companies, trust, estate, other legal entity or any one or combination thereof, or their successors in interest, whether alone or in joint venture with others named herein or not named herein.

> Affiliate: A person or entity that directly or indirectly, through one or more intermediaries, controls or is controlled by, or is under common control with any signator to this Agreement.

Because FCCI has received several performance and payment claims against the bonds, it now seeks to invoke its rights under the Agreement

against Defendants Reytech and Doug Patterson as "Principals" and Patcon and others as "Affiliates."

FCCI contends that Patcon is an "Affiliate" because Doug Patterson's son—Chase Patterson—is the sole managing member of Patcon and works for Reytech. Because of this, FCCI contends that "Doug can use his son Chase as an intermediary to control Patcon to try to win new projects and shield assets from the Surety." But Patcon disagrees, contending that it is not an "Affiliate" under the Agreement because it is not controlled by or under common control with Reytech or Doug Patterson. As a result, Patcon moves for summary judgment on FCCI's claims.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## ANALYSIS

"A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 65 (2013). In Texas, "[a]n indemnity agreement is a promise to safeguard or hold the indemnitee harmless against either existing and/or future loss liability." *RKI Expl. & Prod., LLC v. Ameriflow Energy Servs., LLC*, No. 02-20-00384-CV, 2022 WL 2252895, at *8 (Tex. App.—Fort Worth June 23, 2022, no pet.) (Bassel, J.) (cleaned up). In this case, "Principals" and "Affiliates" to the Agreement provide that promise to FCCI. But only the latter is at issue.

Based on the Agreement's definition of "Affiliate," FCCI contends that Patcon falls in that classification because of "the possibility" that Doug Patterson can use his son Chase as an intermediary to control Patcon to try to win new projects and shield assets from FCCI.

Patcon, however, disagrees and has set forth evidence that Patcon and Reytech are two unrelated and distinct companies and that their owners are not employed by, do not own, and do not manage or control Patcon and Reytech. And FCCI has set forth no evidence to the contrary. Instead, it appears that FCCI added Patcon to this suit in hopes it could find evidence showing that Patcon is controlled by or under common control with Doug Patterson or Reytech. But no evidence was found.[1] Thus because there is no evidence that Patcon is an "Affiliate" as defined by the Agreement, Patcon is entitled to summary judgment on FCCI's contractually based claims.

FCCI also brings a common-law claim for indemnity against Patcon. Under Texas law, common-law indemnity is "extremely limited." *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 830 (5th Cir. 1992). It is only available in (1) negligence actions to protect a defendant whose liability is "purely vicarious" in nature or (2) products-liability actions to protect an innocent retailer. *Id.* at 831. Neither situation applies here. Patcon "is not an innocent retailer in the chain of distribution, and its liability is not vicarious in nature." *Id.*

Thus, Patcon is entitled to summary judgment on all of FCCI's claims.

## CONCLUSION

Because there is no genuine dispute as to any material fact and Patcon has established that it is entitled to judgment as a matter of law, the Court **GRANTS** Defendant Patcon's Motion for Summary Judgment (ECF No. 46) and **DISMISSES** FCCI's claims against Patcon with prejudice.

---

[1] The Court granted FCCI a continuance for its response to Patcon's Motion for Summary Judgment, so it could conduct discovery on the issue of Patcon's "affiliate" status. *See* ECF No. 59. But it appears nothing came from it because FCCI has offered no evidence resulting from the continuance.

**SO ORDERED** on this **23rd day** of **June 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE